**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

v.

Case No. 26-CR-4798-MIS

MANUEL CRUZ ACEVES-RUIZ,

Defendant.

**ORDER DENYING GOVERNMENT'S MOTION TO EXTEND THE DISCOVERY DEADLINE**

THIS MATTER is before the Court on the United States' Motion to Extend the Discovery Deadline ("Motion"), ECF No. 25, filed October 15, 2026. Defendant Manuel Cruz Aceves-Ruiz filed a Response in Opposition to the Government's Motion for Extension ("Response") on October 20, 2026, ECF No. 28, to which the Government filed a Reply ("Reply"), ECF No. 35, on October 26, 2026. Upon review of the Government's Motion, the record, and the relevant law, the Court will **DENY** the Government's Motion to Extend the Discovery Deadline.

On September 16, 2026, Defendant Manuel Cruz Aceves-Ruiz was indicted under 8 U.S.C. § 1324(a)(1)(A)(v)(I) for Conspiracy to Transport Illegal Aliens. ECF No. 19. One week later on September 23, 2026, the Court issued a Discovery Order in preparation for a November jury trial. ECF No. 23. The Court's Discovery Order required that "within 14 days of the entry of this Order, the Government shall provide to the Defendant's Attorney without motion the discovery to which the Defendant is entitled," making discovery due on October 7, 2026. Id. at 1-2. The Government then filed a Motion for an extension of the Discovery Deadline on October 15, 2026. ECF No. 25.

In its Motion, the Government states it sent an email request to U.S. Border Patrol Liaisons on August 16, 2026, and September 23, 2026, requesting discovery materials, in addition to sending follow up emails to Border Patrol the day before and after the discovery deadline. Mot. at

1. The Government also states its counsel contacted Border Patrol liaisons on October 14, 2026, after defense counsel contacted them seeking, inter alia, her client's I-214 and surveillance footage of his interrogation and detention at the Lordsburg Border Patrol station. Id. at 2. The Government argues that this outreach, three emails before the deadline and three emails after the deadline, combined with Government counsel scheduling an in person meeting with Border Patrol agents the week of October 19th and providing a copy of the I-214 in person to defense counsel in Court on October 14th, means that the U.S. Attorney's office acted diligently in seeking and providing discoverable materials. See generally Reply. Further, the Government appears to argue that verbally informing the Court of its intention to file a motion seeking an extension of the discovery deadline on October 14—a week after the deadline itself had already passed—supports the conclusion they were diligent in their discovery efforts. Id. at 3. Additionally, the Government argues that because defense counsel "had not specifically requested a single item of discovery from undersigned counsel" before October 14, 2026, the Government's responsibility for failing to comply with the discovery deadline is mitigated because the Government did immediately seek specific discoverable materials upon specific requests from defense counsel on October 15th, 18th, and 24th. Id. at 3-4. Lastly, the Government states that the delay in seeking an extension of the discovery deadline was the result of counsel only becoming aware of additional discoverable material on October 14 when the U.S. Attorney's Office contacted its Border Patrol liaisons seeking surveillance footage from Lordsburg station and Defendant's I-214 at Defense Counsel's request. Id. at 2, 7.

Defendant argues that the Government's Motion to Extend is untimely and "does not identify a single item of evidence that remains outstanding, why that item could not have been obtained by October 7, or why the government did not seek relief before the deadline passed."

Resp. at 1. Thus, Defendant argues, denial is appropriate from the onset because the Government failed to comply with its obligations under both Rule 16(a)(1)(A)-(F) and the Court's Standing Order requiring counsel to "seek leave of the Court in the form of a written motion to extend any pretrial deadline." Id. at 4 (citing Standing Order: Deadlines for Criminal Trials § C). Further, Defendant argues that every cause of delay for producing discovery in the instant case was caused by the Government itself as "[e]very page produced late appear[s] to have been generated by a governmental agency on the day of the arrest" and therefore the government's actions represent a "failure to disclose evidence the government already had." Id. at 5. Moreover, Defendant argues that the Government failed to exercise diligence within the timeline set for this case—a timeline the government arguably itself set—because Government counsel did not reach out to case agents themselves and only sporadically sent a handful of emails to agency liaisons. Id. at 8. In fact, according to the Defendant, the Government did not ask for a case agent's contact information until the day of the discovery deadline nor contact her until a day later. Id. Similarly, Defendant notes, the government did not meet with agents even by the time it filed its Motion for Extension, id., and the Government itself states it did not meet with those agents until October 19th, which is nearly two weeks after the discovery deadline already lapsed, Reply at 3. Lastly, Defendant argues the Government was on clear notice that this very problem may emerge in the instant case because "this has been a repeated occurrence in this courthouse this year, particularly in cases involving Border Patrol as the investigative agency" with this very Court excluding untimely disclosed evidence in similar cases the Government brought in June and September. Resp. at 9.

As a preliminary matter, the Court agrees the Government failed to file a Motion to Extend the Discovery Deadline until October 15, which is a week *after* the October 7 discovery deadline.

Thus, the question becomes whether there was good cause for the delay in seeking an extension such that a denial of the instant Motion would be inappropriate? The Court finds there is not.

The Government's explanation that the delay in filing the Motion was entirely the byproduct of being unaware additional discovery material existed is unpersuasive. For one, the Discovery Order in the instant case explicitly places an affirmative obligation on Government counsel to "provide to the Defendant's attorney *without motion* the discovery to which the Defendant is entitled pursuant to Rules 16(a)(1)(A), (B), (C), (D), (E), and (F) of the Federal Rules of Criminal Procedure." Discovery Order at 1-3, ECF No. 23 (emphasis added). This obligation requires the disclosure of materials the government may foreseeably use in a given case even without an explicit request from the defendant, evidence such as a copy of Border Patrol's standard Miranda Waiver form (i.e., an I-214 form) when the prosecution is likely to introduce evidence of Defendant's alleged post-Miranda statements.

Two, Government counsel should have known from the inception of this case that the Miranda waiver would be relevant as the Complaint itself states defendant provided a post-Miranda statement and a document the Government disclosed prior to the discovery deadline also mentioned that Defendant was advised of his rights via a I-214 form. See Compl. at 2; Resp. at 14. The fact that Defendant alleges there are discrepancies and deficiencies in the form only further highlights the potential prejudice caused by the late disclosure. Thus, the Government's suggestion that concerns around the untimely nature of its Motion are alleviated because counsel "verbally inform[ing] the Court of [its] intention to file a motion to extend the discovery deadline" in Court on October 14, Reply at 2-3, is unpersuasive as that notice again occurred *after* the discovery deadline had already lapsed and there were indicators in the case filings that should have alerted the Government to the existence of additional relevant material much earlier.

Lastly, while the Court recognizes the failure to identify discoverable material in a timely manner appears to largely be caused by outside agencies—and specifically Border Patrol— that does not alleviate the Government of its burden to comply with its discovery obligations in a timely manner. This Court has cautioned the Government as recently as the same day the Discovery Order was issued in the instant case that it handles hundreds of immigration cases annually and a failure to comply with scheduling deadlines makes managing those cases impracticable. United States v. Herrera, 26-cr-03416-MIS, ECF No. 64 at 7 n.5 (D.N.M. Sept. 22, 2026). The Court has also warned the Government that continuances can be highly prejudicial in these types of cases because often defendants are eligible for time served sentences. Id. at 7 n.6. Moreover, this District has now also had several incidents over the last several months of the Government failing to meet discovery deadlines in immigration cases. See e.g., id., (appeal pending, No. 26-2168 (10th Cir.); United States v. Ramirez Chavez, Order Granting in Part Def.'s Mot. to Exclude at 4, No. 2:26 cr-01848-MIS (D.N.M. June 18, 2026), ECF No. 50. The Court suggests the U.S. Attorney's Office work to address this repeated problem.

Therefore, the Court finds the Government's Motion for Extension of the Discovery Deadline is untimely and contradictory to both the requirements of the Discovery Order and the Court's Standing Order. The Government's Motion For Extension of the Discovery Deadline, ECF No. 25., is hereby **DENIED.**

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE