**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

Case No. 26-cr-4798-MIS

MANUEL CRUZ ACEVES-RUIZ,

Defendant.

**ORDER CONTINUING TRIAL**

THIS MATTER is before the Court on Defendant's Omnibus Motion in Limine ("Motion") filed October 26, 2026, ECF No. 37. The Government filed a Response ("Response") on October 30, 2026, ECF No. 38, to which Defendant filed a Reply ("Reply"), ECF No. 55. The Court heard oral argument as to the Motion during a pretrial conference on November 9, 2026. Tr. of Hr'g of Nov. 9, 2026, at 2:14 – 77:1.[1] Upon review of the Parties' submissions, the record, and the relevant law, the Court will **CONTINUE** the November 16 trial date and further consider Defendant's Motion in Limine and future sanctions.

## I. Background

On September 16, 2026, Defendant Manuel Cruz Aceves-Ruiz was indicted under 8 U.S.C. § 1324(a)(1)(A)(v)(I) for Conspiracy to Transport Illegal Aliens. ECF No. 19. One week later on September 23, 2026, the Court issued a Discovery Order in preparation for a November jury trial. ECF No. 23. The Court's Discovery Order required that "within 14 days of the entry of this Order, the Government shall provide to the Defendant's attorney without motion the discovery to which the Defendant is entitled[,]" making discovery due on October 7, 2026. Id. at 1-2.

---

[1] The Court cites to the Court reporter's original rough draft of the hearing transcript. Any final transcript may contain slightly different page and/or line numbers.

The Government filed a Motion for an extension of the Discovery Deadline, ECF No. 25, on October 15, 2026, which the Court **DENIED** as untimely and contradictory to both the requirements of the Discovery Order and the Court's Standing Order. ECF No. 53.

On October 21, 2026, the Court issued an additional discovery order instructing the Government to:

> [C]onduct an exhaustive review of discoverable material and state whether video or audio recordings of Defendant's detention and interview at Lordsburg Station existed and turn over such information. If the recordings/information no longer exists however, the government is to provide an explanation as to how such recordings were lost.

Order to Expedite, ECF No. 29.

On October 26, 2026, the Government failed to produce the required recordings of Defendant's detention and interview at Lordsburg Station and in a Reply stated "the footage is still being extracted at the time of this filing." ECF No. 35 at 5-6.

Defendant filed an Omnibus Motion in Limine on October 26, 2026, seeking to exclude, <u>inter alia</u>, all discovery material disclosed after the Court's October 7 discovery deadline. ECF No. 37. The Motion also seeks to exclude "every statement the government attributes to Mr. Aceves-Ruiz after his arrest, including the 'post Miranda statement' described in the complaint and in the government's reports, and any evidence derived from those statements." <u>Id.</u> at 16.

The Government filed a Response to the Motion on October 30, 2026, ECF No. 38, to which Defendant filed a Reply. ECF No. 55.

The Court held a hearing on the Motion during its pretrial conference on November 9, 2026. <u>See</u> November 9, 2026. Tr. of Hr'g of Nov. 9, 2026, at 2:14 – 77:1. At that hearing, the parties discussed how despite the Government informing Defendant that no video existed as to his detention and interrogation at Lordsburg Station and the Court's October 21 Order requiring

production, video from Lordsburg did in fact exist but had not yet been turned over to Defendant. See Tr. of Hr'g of November 9, 2026 at 4:6-20.

The Court then issued another Order on November 10, 2026, requiring the Government to provide Defense Counsel a copy of video footage of Defendant's detention, Mirandization, and interrogation at Lordsburg Station, as well as file a Return of Service Notice by the end of the following business day. ECF No. 58.

On November 11, 2026, the Government filed what they titled a Notice of Return of Service, ECF No. 59, which was in fact a copy of a cover letter to Defense Counsel stating "Enclosed is USB containing 14 CCTV recordings". Later that day, Defendant filed a Notice of Non-Compliance and Supplemental Request for Relief ("Notice of Non-Compliance") alleging the Government once again failed to comply with the Court's Order and did not in fact provide the relevant video footage of Defendant's detention and interrogation. ECF No. 60. More specifically, Defendant states the Government disobeyed the Court's Order by, inter alia, (1) filing a discovery cover letter rather than return of service and (2) providing 14 CCTV videos none of which included footage from room Cell 210, the location where Defendant was actually interrogated. ECF No. 60. See id. at 2-3. Additionally, Defendant states that the video footage the Government provided from the Lordsburg Station processing-area camera strongly suggests government agents did not effectively Mirandize Defendant prior to questioning because footage shows an agent interviewing Defendant and taking notes for about four minutes prior to producing a Miranda advisement card. Id. at 4 ("In other words, more than four minutes of questioning, close to half of the visible interview, took place before any apparent warning was given.").

Defendant also noted that the Government did not respond to an email request regarding the missing Cell 210 footage as of the time he filed the Notice of Noncompliance. Id. at 3.

According to a review of the Docket, the Government has not filed a Response to the Notice of Non-Compliance as of 1:00 p.m. on November 12, 2026.

## II. Legal Standard

"There are three principal factors that a district court should consider in determining the appropriate sanction for violating a scheduling order: (1) the reason for the delay, including whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the other party; and (3) 'the feasibility of curing the prejudice with a continuance.'" United States v. Yepa, 608 F. App'x 672, 677 (10th Cir. 2015) (citing United States v. Wicker, 848 F.2d 1059, 1061 (10th Cir. 1988)).

"But these 'three factors merely guide the district court and do not dictate the bounds of the court's discretion.'" Id. (citing United States v. Russell, 109 F.3d 1503, 1511 (10th Cir. 1997)). "And while '[t]he court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order,'" *id.* at 677-78 (citing United States v. Gonzales, 164 F.3d 1285, 1292 (10th Cir. 1999)), "in some circumstances a district court may 'suppress evidence that did not comply with discovery orders to maintain the integrity and schedule of the court even though the [party entitled to the disclosure] may not be prejudiced,'" id. at 678 (alteration in original) (citing Wicker, 848 F.2d at 1061). "This is because our admonition that a continuance is preferred 'does not mean that a continuance is necessary just because it will cure the prejudice.'" *Id.* (citing Russell, 109 F.3d at 1512).

## III. Analysis

The Court finds continuing trial while releasing Defendant on bond as the Court further considers future sanctions is an appropriate remedy in the instant case.

To recap, on three separate occasions—September 23, October 21, and November 10—the Court ordered the Government to provide Defendant relevant video footage of his detention and interrogation at Lordsburg Station. The Government has failed to do so at every turn and has on at least one occasion misled the Defendant about the existence of said video.[2] Further, the Government failed to do so on the backdrop of Government counsel telling the Court he "did not know" that a signed Miranda warning was discoverable. See Tr. of Hr'g of November 9, 2026 at 47:11-21. Collectively, these actions by the Government have exacerbated concerns about a potential Miranda violation in the instant case and support Defendant's request for exclusion. However, given the late hour and lack of briefing caused by late disclosure, the Court cannot make a determination as to whether a Miranda violation occurred.

Therefore, the Court finds the ends of justice will be best served by continuing this trial as the Court further considers future sanctions including, but not limited to, exclusion. Additionally, although the Government argued at oral argument the sentence guideline range may be 27 to 33 months, See Tr. of Hr'g of Nov. 9, 2026 at 3:17-19, that estimate would rely on the Government establishing evidence sufficient to prove enhancements applied. The Court is dubious of the Government's ability to do so. As such, because a continuance would extend Defendant's time in

[2] See Tr. of Hr'g of November 9, 2026 at 4:6-20 ("The Court had ordered the government to prove a certificate stating whether anything existed. In response, they said they were still extracting the videos. That was after we had been told none were available. And then on Friday, we were given three videos that show another individual in the group, there, on the surveillance video being interviewed, and that's it, no video of our client. It confirms that those surveillance videos exist, there were working camera says in there, but we got no videos, or client, or any of the other people who were in the house, and additionally, that video that was turned over to us appears to show one of the other individuals being interviewed, and no — there's no audio, but you can clearly see no Miranda advisement was ever presented to him during that video, which would have further strengthened or motion to dismiss.").

See also Tr. of Hr'g of November 9, 2026 at 63:6-10 ("There was a lot of miscommunication about the video. We can ask permission for someone to go and hold a phone or something in front of the video, since the system doesn't download it[]").

pretrial incarceration even as his potential sentence if convicted may be time served, the Court finds it is less concerned about a potential flight risk posed by releasing Defendant on bond.

## IV. Conclusion

Accordingly, it is **HEREBY ORDERED** that trial for the instant case is **CONTINUED** consistent with this Order and Defendant **SHALL BE RELEASED** on bond by separate Order. The Court will also further consider future sanctions.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE